COTTONDALE STATE BANK, *Plaintiff in Error*, v. THE       ʼ
     OSKAMP NOLTING Co., *Defendant in Error*.

BANKS AND BANKING—NOT AUTHORIZED TO GUARANTEE
    DEBTS OF OTHERS—MAY LEND ITS MONEY
         BUT NOT ITS CREDIT.

1.   There is no provision in either our State banking laws or in the Federal banking laws that either expressly or by implication empowers such banks to guarantee the payment of a debt of a third party, solely for his benefit, and any such agreement when attempted by them is *ultra vires*, and void, and is not binding upon such bank when made by its cashier, since such cashier is not authorized to bind such bank by an agreement that is *ultra vires* as to such bank.

2.   A bank is authorized to lend its money, but not its credit.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell,* for Plaintiff in Error;

*Paul Carter,* for Defendant in Error.

TAYLOR, J.—The defendant in error sued the plaintiff in error, the Cottondale State Bank in the Circuit Court of Jackson County for the recovery of $150.00, upon the following written contract:

"For and in consideration of $1.00, to me in hand paid by the OsKamp Nolting Company, a firm doing business in the City of Cincinnati, State of Ohio, the receipt of which are herebby acknowledged. I hereby guarantee unto them the said OsKamp Nolting Company, unconditionally and at all times for five months from date any indebtedness of W. R. Young doing business at Youngstown, the State of Florida, to the extent of, and not to exceed the sum of $150.00 for any goods, wares and merchandise that the said Young has heretofore purchased or may hereafter purchase or receive from the said OsKamp Nolting Company. This guarantee is to be an open one, and to continue one and at all times to the amount of $150.00 until revoked by me in writing.

IN WITNESS WHEREOF, I have hereunto set my hand this 21st day of August, 1909.

C. J. WILLIAMS.

COTTONDALE STATE BANK,
Per Arthur Williams, Cashier."

The defendant Bank pleaded (1) That it did not contract as alleged; (2) That the alleged contract is not its contract.

The defendant Bank before trial moved for leave to file the following additional plea:

"That the guarantee  of Arthur Williams as Cashier of the Cottondale State Bank was made by Arthur Williams without authority of law or the charter of said Bank and is not binding upon said Bank," but the court refused to permit said plea to be filed.  At the trial when the above contract of guarantee was offered in evidence by the plaintiffs, is was objected to by the defendant on the grounds: "That it is not shown that the Cottondale State Bank is a guaranty company, or has the right under its charter to guarantee the payment of debts of others; or that Arthur Williams, the then Cashier of said bank had the right to bind the bank as surety for the debts of another under the charter of the bank."  These objections were overruled and the said instrument admitted in evidence, and such ruling is assigned as error.  There was a verdict and judgment in favor of the plaintiffs below, and the defendant below brings this judgment here for review by writ of error.

The court below erred in admitting in evidence over the defendant's objections the written guaranty purporting to bind the defendant bank to pay the debt of a third party.  There is no provision in either our State banking laws or in the Federal bank laws that either expressly or by implication empowers such banks to guarantee the payment of a debt of a third party, solely for his benefit, and any such agreement when attempted by them is *ultra vires*, and void, and is not binding upon such bank when made by its Cashier, since such Cashier is not authorized

by an agreement that is *ultra vires* as to such bank to bind such bank. Bowen v. Needles Nat. Bank, 87 Fed. Rep. 430.

A bank is authorized to lend its money but not its credit. Johnston Bros. Co. v. Charlottsville Nat. Bank, 3 Hughes (U. S. C. C.) 657; National Bank of Commerce v. Atkinson, 55 Fed. Rep. 465; Commercial Nat. Bank v. Pirie, 82 Fed. Rep. 799; Norton v. Derry Nat. Bank, 61 N. H. 589; 1 Morse on Banks and Banking Sec. 65.

The defendant bank is not bount by the instrument offered and admitted in evidence and the plaintiffs cannot recover thereon against said bank, and such instrument should have been excluded from evidence when offered and objected to.

The judgment of the court below in said cause is hereby reversed at the cost of the defendants in error.

WHITFIELD, C. J., AND SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.