JOHN A. NEWSOM, as Liquidator of The Citizens Bank & Trust Company, *Plaintiff in Error*, vs. FRED B. GILL, as Receiver of the American State Bank of Zephyrhills, *Defendant in Error.*

145 So. 189.

Division B.

Opinion filed December 22, 1932.

Petition for rehearing denied February 6, 1933.

*Himes & Himes*, for Plaintiff in Error;

*J. D. Geiger* and *W. Kenneth Barnes*, for Defendant in Error.

DAVIS, J.—Each count of the amended declaration in this case showed that the Citizens Bank & Trust Company of Tampa, in the execution of certain notes which were signed by it as follows: "Citizens Bank & Trust Company, a corporation, as Trustee, for Albert H. Lieberman, By W. H. Trice, V. Pt." was acting for the benefit of a third person.

To hold that the bank thereby bound its own assets to the absolute payment of the notes in question, would be to say that the bank had power to, and did, lend its credit for the benefit of another. And such holding would be in direct contravention of the decision of this Court in Cottondale State Bank v. Oskamp Nolting Co., 64 Fla. 36, 59 Sou. Rep. 566, Ann. Cas. 1916D 564.

The power of a bank existing under the laws of the State of Florida to lend its credit has been directly referred to by the Circuit Court of Appeals of the Fifth Circuit in Sponge Exchange Bank of Tarpon Springs v.

Commercial Credit Co., 263 Federal 20, where the Court said:

> "The law under which the Bank exists does not permit it to lend its credit to paper which it does not own, and in which it has no beneficial interest. General Statutes of Florida, 2707; Cottondale State Bank v. Oskamp Nolting Co., 64 Fla. 36, 59 South. 566, Ann. Cas. 1916D, 564. The Florida law on this subject, with notice of which parties dealing with the Bank are chargeable, is in conformity with the generally prevailing law governing banks. To permit banks to have and exercise the power of lending their credit for the sole benefit and advantage of others would be detrimental to the interests of depositors, stockholders, and the public generally. Commercial National Bank v. Pirie, 82 Fed. 799, 27 C. C. A. 171; Bowen v. Needles National Bank, 94 Fed. 925, 36 C. C. A. 553; Merchants' Bank of Valdosta v. Baird, 160 Fed. 642, 90 C. C. A. 338, 17 L. R. A. (N. S.) 526; Note Ann. Cas. 1916D, 554."

The rule that courts will of their own motion take notice of illegal contracts coming before them for adjudication, as applied to unauthorized assumptions of contractual liabilities by State banks, was recently discussed by MR. CHIEF JUSTICE BUFORD in Citizens Bank & Trust Co. v. Mabry, 102 Fla. 1084, 136 Sou. Rep. 715, and applied in that case.

The recovery which was allowed in the recent case against the statutory liquidator of the Citizens Bank & Trust Company violates the principle of law that a claim of contractual liability will not be upheld and enforced against a State Bank on an agreement or undertaking by the bank to lend its credit to a third party. This rule is applicable whether the agreement .or undertaking was direct or indirect, or arises by reason of attempted unauthorized execution of promissory notes on behalf of third parties, or otherwise.

To hold the bank liable in this case on the notes executed by the Citizens Bank & Trust Company purportedly on

behalf of Lieberman, on the theory that the bank in contemplation of law bound itself, by reason of the fact that it failed to obtain authority under seal to bind Lieberman on a sealed instrument, would be to *impute* a contractual liability to the bank, which would have been beyond its express or implied powers to assume had it directly attempted to have done so. Therefore the recovery had was on a contractual liability which could not and did not exist and the judgment awarding it was erroneous.

The judgment is reversed.

ELLIS, J., dissenting.—The majority opinion is based upon the proposition that the Bank not having authority from Lieberman to execute the notes as Trustee for him was guilty of an ultra vires act in that it attempted to lend its credit to Lieberman.

Under the charter of the Bank it had the power to act as Trustee for Lieberman in the transaction. It had power to purchase and sell real or personal property in the same manner and to as full extent as natural persons might dispose of or encumber property of the same kind. It had the power to receive and hold properties in trust; to accept and execute the office of agent or trustee of any kind whether conferred by a person, corporation or court. It was required to have a trust department with a special set of books. See Chap. 4460 Acts 1895.

The Bank also had the power to acquire shares of stock in other corporations and of managing them upon obtaining a majority of the shares. Therefore the case of Cottondale State Bank v. Oskamp-Nolting Co., 64 Fla. 36, 59 South. Rep. 566, is not analogous. It therefore had the power to act as trustee or agent for Lieberman and, having such power, it put into the channels of trade its promissory notes signed in the capacity in which it was empowered to

act under its charter and the notes in due course came into the hands of an innocent purchaser for value before maturity, according to the declaration.

The holder of the notes discovered afterwards that the Bank had not obtained from Lieberman authority to act for him as his agent or trustee and thereupon brought its action against the person pretending to be such agent, in conformity with a well recognized and universally accepted principle of law. See Phillips & Co. v. Hall, 99 Fla. 1206, 128 Sou. Rep. 635; 2 C. J. 808; 21 R. C. L. 847.

The rule also applies to one signing a contract as trustee. See 26 R. C. L. 1317.

To say as the majority opinion holds that the Bank loaned its credit to Lieberman while admitting that Lieberman neither asked for such credit nor was a party to the transaction is to beg the question.

The Bank being empowered under its charter to act as the agent of Lieberman purported to act as his agent or trustee without his authority and thereby put its notes into circulation which came into the hands of an innocent holder for value before maturity.

I think the demurrer was properly overruled and the evidence supported the verdict which was rendered upon the issue presented by the pleas which were not sustained.

The judgment should be affirmed.

BROWN, J., concurs.