THE FLORIDA NATIONAL BANK OF JACKSONVILLE, *et al.,* v. COUNTY OF OKEECHOBEE, *et al.*

157 So. 570.
En Banc.
Opinion Filed November 15, 1934.

*Rogers & Towers, Wm. H. Rogers* and *C. C. Bailey,* for Appellants;

*George P. Garrett,* for Appellees.

BUFORD, J.—This case is now before us on appeal from an Order denying motion to dismiss the bill of complaint and also from an Order denying motion for better bill of particulars.

The motion to dismiss was on the following grounds:

"1.   That there is no equity in said bill of complaint.

"2.   That said bill of complaint is replete with conclusions of law that are not supported by allegations of fact.

"3.   That no facts are alleged to invoke the jurisdiction of a court of equity.

"4.   That there is no predicate in the bill of complaint for the accounting sought therein.

"5.   That the effect of the agreement set out in said bill of complaint was to secure the payment to Peoples Bank of Okeechobee of the the amount on deposit in the Florida National Bank of Jacksonville, and the bill of complaint fails to show any breach of such duty by this defendant.

"6.   That under the agreement in question, the securities were pledged to secure the deposit in the Florida National Bank of Jacksonville to the credit of Peoples Bank of Okeechobee, and not to secure the deposit in Peoples Bank of Okeechobee to the credit of Okeechobee County.

"7.   That the agreement in question clothed the Peoples Bank of Okeechobee with the absolute power to withdraw

the money on deposit in The Florida National Bank of Jacksonville.

"8. That the County Commissioners of Okeechobee County cannot accept the benefit of the alleged irregular action in releasing the securities pledged and at the same time, repudiate such release as being illegal.

"9. It is assumed that the agreement in question is a 'trust agreement,' whereas no facts are pleaded to show the existence of any trust relationship on the part of this defendant.

"10. That a party who enters into a contract with a trustee does not thereby become a trustee also.

"11. The plaintiffs cannot rely upon the alleged improper action of their predecessors in office as a predicate for this suit.

"12. The plaintiffs cannot complain of any loss resulting from the voluntary surrender of the pledged securities.

"13. That plaintiffs cannot recover for loss resulting from their own breach of the contract in question.

"14. The bill of complaint is contradictory and inconsistent in that it first alleges that the $91,361.54 was on deposit in Peoples Bank of Okeechobee, and was lost as a result of the failure of said bank, and then alleges that said sum was on deposit in The Florida National Bank of Jacksonville and was not affected by the failure of Peoples Bank of Okeechobee.

"15. That if the agreement in question be construed as pledging collateral belonging to The Florida National Bank as security for a deposit in Peoples Bank of Okeechobee, to the credit of Okeechobee County, it is *ultra vires*, void and of no force and effect.

"16. That a national bank is without lawful authority to guarantee deposits of another bank.

"17. That a national bank is without lawful authority to enter into a contract of guaranty or suretyship for the benefit of another.

"18. That the bill of complaint fails to show any benefit resulting to this defendant from the *ultra vires* contract sued upon and such contract is therefore unenforceable.

"19. That the bill of complaint is repugnant, contradictory and inconsistent in that it alleges that $100,000.00 in securities should have remained outstanding to secure a deposit of $91,361.04 and it likewise affirmatively appears from other portions of the bill that only $50,000.00 in securities should have been outstanding to secure a deposit of the amount above named.

"20. That it appears from the bill of complaint that complainants are guilty of *laches,* since the Peoples Bank of Okeechobee had been closed over two years at the time of the institution of this suit."

Appellant states the questions to be considered by the Court as follows:

"Question A: The Agreement sued upon in this case pledges the collateral of the Florida National Bank of Jacksonville, as security for the deposit in The Florida National Bank of Jacksonville and not as security for the deposit in the Peoples Bank of Okeechobee.

"Question B: A national bank is without authority to become surety or guarantor of the deposits of another bank.

"1. An agreement on the part of a national bank to become surety or guarantor of deposits in another bank is *ultra vires.*

"2. No action can be maintained upon the *ultra vires* contract of a national bank.

"Question C: There is no trust involved in this case and no other independent ground of equitable interference and therefore there is no basis for equity jurisdiction.

"1. The agreement sued upon does not provide that the deposit in question shall be a special deposit nor that the funds be kept separate and apart and returned in specie.

"2. The law presumes every deposit to be a general deposit.

"3. The deposit of public funds does not create any trust relationship between the depositor and the bank.

"4. Deposits made by fiduciaries such as trustees, executors, administrators, public officers, etc., are not trust funds in the absence of a special agreement to that effect.

"Question D: The complainants are estopped to maintain this action."

This is the second appearance of this case in this Court. See County of Okeechobee, *et al.,* v. Florida National Bank of Jacksonville, 112 Fla. 309, 150 Sou. 124. The tri-party agreement set out in full in the former opinion of this Court states the conditions under which Florida National Bank and Peoples Bank of Okeechobee came into possession of the fund therein described. In that opinion we said:

"We deem it necessary to set out this agreement in full because by its terms The Florida National Bank of Jacksonville and Peoples Bank of Okeechobee became liable jointly for any breach of the trust agreement which may have been committed by them and their joint liability for such breach becomes, in the opinion of the writer, the controlling factor in determining the question now before us.

"It is alleged in the bill of complaint that the agreement was violated by the banks in that the securities hypothecated to protect the fund involved were withdrawn by the Florida National Bank of Jacksonville and released from

deposit by the Peoples Bank of Okeechobee without authority and in violation of the trust agreement, particularly in this:

"That $40,000 of securities were released on July 3, 1928, when there remained $378,751.46 of the fund on deposit. Again, on September 3, 1928, $50,000.00 of the securities were released, when there remained $305,931.92 on deposit; and so on releases were made of securities contrary to the trust agreement until the 5th day of June, 1929, at which time there was $91,361.54 on deposit in the fund and only $10,000 of securities to protect the same. This $10,000 of securities was credited on the balance of the fund which left a balance due as alleged in the bill of complaint from the Florida National Bank of Jacksonville and Peoples Bank of Okeechobee, Fla., to the County of Okeechobee in the sum of $81,361.54 and the bill of complaint prays for an accounting for the funds and a payment of the same over to the County of Okeechobee."

It is not necessary for us to further comment on the allegations of the bill of complaint.

It is the contention of the appellants here that Florida National Bank of Jacksonville was and is a banking institution created and organized under the Federal Law and that as such banking institution it did not have authority at the time for entering into this contract to secure either private or public deposits and that it was also without authority to become guarantor for another. Both contentions are well founded. As to the latter proposition see Morse on Banks and Banking, Vol. 1, Sec. 65; Michie on Banks and Banking, Vol. 7, Sec. 163; Farmers & Miners Bank, et al., v. Bluefield National Bank, et al. 11 Fed. 2nd Ed. 83; Cottondale State Bank v. Oskamp-Nolting Co., 64 Fla. 36, 59 Sou. 566; and cases there cited. It is useless to con-

sider cases because we know of no dependable authority to the contrary.

The first contention is established in the case of City of Marion v. Sneeden, 54 Sup. Ct. 421, 78 Law Ed. 521; Tex. & Pac. Ry. Co. v. Pottorff, 54 Sup. Ct. 416, 78 Law Ed. 514.

And so it is that the pledge of the securities by Florida National Bank either to secure a deposit coming to it as a banking institution or to guarantee the safety of such deposit in another bank was at the time the contract was made *ultra vires* and unenforceable.

This conclusion, however, does not dispose of the case because the bill of complaint alleges that pursuant to this agreement the funds were deposited with the two banks and withdrawn therefrom as is set out in the original opinion above referred to, but that a certain part of that fund remained on deposit and undelivered to the owners thereof.

Neither Florida National Bank nor Peoples Bank of Okeechobee acquired any title to the fund because they acquired the fund by an *ultra vires* act and, therefore, when that fund passed into the hands of either or both of the banks it passed as a constructive or resulting trust and the banks thereby became jointly trustees of whatever sums of money passed into both banks and both banks became bound to discharge the trust by return of the fund to the *cestui que* trust.

The motion to dismiss the bill of complaint is equivalent to a demurrer under the old practice and, therefore, for the purposes for which it is filed admits the allegations of the bill of complaint which are well pleaded. The bill shows upon its face that both the banks received funds which have not been repaid. The allegations of the bill of complaint are such as to show that neither bank was in a position to become a depository of the funds under the tri-party con-

tract under which they assumed to take over the funds, and as the Board of County Commissioners of Okeechobee County, as is shown by the bill of complaint, only intended to deposit the funds and become creditors of the bank under the terms and conditions of the contract, the status of debtor and creditor did not come into existence. But, as above stated, the banks received the funds impressed with a constructive or resulting trust which made it the duty of the banks under such conditions as existed to return the funds so received by them and each of them.

So the bill was not without equity and its allegations were sufficient to require answers thereunto.

The extent of the liability of each of the banks is a matter which must be determined either upon pleadings or upon pleadings which present issues and proof submitted in support thereof. Therefore, we do not undertake at this time to determine whether or not a liability exists on the part of either bank, or, if it does exist, the amount thereof.

We only here determine that the bill of complaint contains sufficient equity and sufficient allegations to require an answer thereunto.

For the reasons stated, the orders appealed from should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.