Richard J. Lamb, Cleveland, for plaintiff.

John W. Bricker, Columbus, L. P. Laylin, Columbus, and Thos. J. Herbert, Cleveland, for defendants.

**BLACK & DECKER MFG CO v UNION TRUST CO et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 15017 & 15018. Decided April 13, 1936

**OPINION**

By LEVINE, J.

It is contended by the plaintiff that the facts and circumstances disclosed in the record show conclusively that The Black & Decker Mfg. Company designated as the parent company, and the subsidiary corporations, The Black & Decker Electric Company and The Van Dorn Electric Tool Company, were merely departments of the parent company and that the three must be regarded to all intents and purposes as one organization. Certain facts are referred to, some of which we shall mention.

When the parent company applied to The Union Trust Company for a line of credit, the bank granted it an open line of $500.00 credit upon condition that the parent company maintain at all times deposits of not less than twenty percent of its borrowings. Thereupon the parent company es-tablished three deposits with The Union Trust Company. One in its own name, one in the name of The Black & Decker Electric Company and one in the name of The Van Dorn Electric Tool Company. In accordance with arrangements made by the parent company with the bank, operating statements and balance sheets of the parent company and both subsidiary companies were published as consolidated statements.

The brief and argument refers to an excerpt from the testimony of J. R. Kraus, Chairman of the Board of The Union Trust Company. The testimony of Mr. Kraus establishes that there was a definite understanding or agreement between the bank and the parent company at the time its line of credit was granted. The following conclusions are reasonably inferred from the testimony of Mr. Kraus.

"1. That the bank relied upon the consolidated balance sheet of the borrower (which included the assets of the subsidiary) when the credit was granted.

2. That the parent company was required to maintain twenty percent balances against borrowings.

3. That the parent company established three accounts at The Union Trust Company, one in its own name and one in the name of each of the two subsidiaries (one of which was The Van Dorn Electric Tool Company).

4. That when the bank checked balances against borrowings it checked all three accounts and gave full credit for the total of three.

5. That it was understood and assumed that all three deposits belonged to the parent company."

Sec 11321 GC, provides as follows:

"When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

It is contended by the defendant that the cross-demands contemplated by the statute, have reference only to the person in whose favor the cross-demand exists and that since the Van Dorn Electric Tool Company was a separate entity, the parent company cannot base a cross-demand upon an indebtedness due to the Van Dorn Electric Company. Without discussing the ex-

504

act meaning of the section cited, we must not lose sight of what is known and recognized as the equitable set-off. The general rule of equitable set-off is stated as follows:

"Although as a general rule, equity, following the law, will not allow a set-off of debts accruing in different rights, it is well settled that a court of equity will take cognizance of cross claims between litigants though wanting in mutuality, and set-off one against the other whenever it becomes necessary to effect a clear equity or prevent irremediable injustice." 24 R.C.L. 865.

In **Armstrong v Warner, 49 Oh St 388**, the following statement appears:

"The remedy of set-off has been much enlarged in equity, and is there administered in cases, where, under the strict rules at law, it would not be available * * *

"And, generally, equity will enforce the right of set-off as they equal each other, where they have grown out of the same or connected transaction, or the one has formed, in whole or in part, the consideration of the other, and the party against whom the set-off is asserted is insolvent."

It is a familiar maxim of equity that "equity regards the substance and not the form." The corporate separate existence of corporations is frequently disregarded and the real substance relied or for judicial action. Regarding the substance of the arrangement between the parent company and the Union Trust Company, we reach the inescapable conclusion that it was the understanding of the parties that the parent company and its two subsidiaries were to be regarded, though standing in three different names, as one organization.

Let us suppose that The Union Trust Company was still a going concern and it decided to withdraw the line of credit extended to the parent company and at the same time appropriate the balances standing in the bank in favor of each of the three separately named corporations. Could the parent company prevent the appropriation of all the three balances on the theory that The Van Dorn Electric Tool Company was a separate entity? There can be but one answer, namely, that the undisputed testimony of Mr. Kraus concerning the arrangement for the extension of a line of credit by and between the parent company and The Union Trust Company contemplated that for the purpose of the arrangement the three separately named corpora-

tions were to be regarded as one. The opening of three separate accounts in the names of three separate corporations was merely one of the details. In essence and in substance it constituted part of the same arrangement between the parent company and The Union Trust Company.

The case of Bromfield v Trinidad National Investment Co., et al, decided by the Federal Circuit Court of Appeals, Tenth District, December 9, 1929, 36 Fed. (2nd) 646, C.C.A., lends emphatic support to the contention of the plaintiff.

In the case of **Knight v Burns, 22 Oh Ap** which involved the question of equitable set-off, this court sets forth the extent to which a court of equity will go in order to render substantial justice between the parties and how it will look through the fiction of a corporate entity to accomplish this.

Quoting from the case of Knight v Burns:

"Equity will look through the form of the transaction, and adjust the equities of the parties with a view to its substance rather than its form, so long as no superior equities of third persons will be affected by such adjustment.

"In every case where the stock of a corporation is owned entirely by one party, and the party in interest is the stockholder, and fiction of the separate entity of the corporation may be disregarded where the ends of justice require it."

Much stress is laid upon the fact that although the parent company owned all the common stock of The Van Dorn Electric Tool Company that it did not own $88,-000.00 of the outstanding preferred stock of the company. It seems to us that the ownership of the preferred stock of The Van Dorn Electric Tool Company is not decisive of the legal question in this case. We must instead look to the original arrangement between the parties when the parent company first applied to The Union Trust Company for a line of credit.

It is clear that the intention of the parties to the arrangement was to treat all three companies as one and as part of the same transaction.

We therefore conclude that plaintiff was entitled to a set-off of the balance standing in the name of The Van Dorn Electric Tool Company against the parent company's indebtedness to The Union Trust Company.

It appears from the record that by an arrangement between the Superintendent of Banks and plaintiff, which was made without prejudice to either party in this law suit, some $2,187.96 has been paid, leaving .

a balance to The Van Dorn Electric Tool Company's credit in the sum of $4063.35. A decree will be entered in favor of plaintiff as a set-off in the sum of $4063.35. A journal entry will be drawn accordingly.

TERRELL, J, concurs in judgment.
LIEGHLEY, PJ, dissents.