W. E. VASSAR, as Trustee, v. M. A. SMITH, as Liquidator of Fort Pierce Bank.

183 So. 705.
Opinion Filed October 15, 1938.

*Thad H. Carlton,* for Appellant;
*Walter M. Rogers,* for Appellee.

CHAPMAN, J.—This case is here on appeal from an order dated February 17, 1937, entered by the Circuit Court of St. Lucie County, Florida. The order sustained a motion to dismiss a counterclaim. The question for decision here is: may a bank, to retain or obtain general deposits of private funds, pledge its assets for the security of such deposits? The facts set up in the counterclaim and stricken by an order of the court, are, viz.: On or about November 16, 1931, W. E. Vassar was Successor-Trustee for San Lucie Plaza Corporation, and Successor-Trustee for the T. F. Faulkner Trust, and as Trustee for said Trusts, had in his possession $3,500.00 The Fort Pierce Bank, desiring to obtain from the Trustee a deposit with it of the said $3,-500.00, by and through its officers and Board of Directors, pledged to the said W. E. Vassar as security for said deposit certain Liberty bonds which the officers aforesaid of the Fort Pierce Bank placed with W. E. Vassar, as Trustee, and upon the receipt thereof delivered or deposited with the Fort Pierce Bank the trust funds in the sum of $3,500.00. The officers of the Fort Pierce Bank and W. E. Vassar, as Trustee, by a subsequent or later agreement, substituted for the Liberty bonds as security, $7,500.00 worth of bonds issued by the Orange Hotel Company, of Orlando, Florida. The bonds of the hotel company were the property of the Fort Pierce Bank and through its officers were duly and regularly pledged and placed with W. E. Vassar, as Trustee,

to secure the payment of the deposit by the bank in the sum of $3,500.00. The Trustee is now in possession of the hotel bonds under the pledge or security agreement entered into between the Trustee and the Fort Pierce Bank, and there is due the Trustee the principal sum of $353.72, as balance due on the original deposit, and the further sum of $345.37 as interest on the said deposit.

The transcript of the record shows that the Fort Pierce Bank formerly operated under the name of Fort Pierce Bank & Trust Company, and at the time W. E. Vassar was Vice-President, and the bank subsequently discontinued its Trust Department and operated only as a banking institution. It is shown by the bill of complaint that W. E. Vassar unauthorizedly took the $7,500.00 worth of Orange Hotel bonds, while acting and serving as Vice-President of the bank while it retained its Trust Department, and continued in the unauthorized possession of the bonds after the discontinuance of the Trust Department.

It will be observed that Section 8 of Chapter 13576, Laws of Florida, Acts of 1929, gives banking companies of Florida the power to pledge or otherwise obligate its securities for the purpose of securing the payment of public money deposited with them, and the section is, viz.:

"Section 8. That Section 4147 of the Revised General Statutes of the State of Florida be amended so as to read as follows:

"Section 4147. To Be Depositories of Public Money. All banking companies organized under this chapter, which shall be designated by the Comptroller of such purpose, shall be depositories of public money under such regulations as may be prescribed by the Comptroller and they may also be employed as financial agents of the State, and they shall perform such reasonable duties as depositories of public money and financial agents of the State as may be required

of them. The Comptroller shall require banking companies thus designated to give satisfactory security, by the deposit of bonds of the United States or of the State of Florida, or other satisfactory security, for the safekeeping and prompt payment of the public moneys deposited with them and for the faithful performance of their duties as financial agents of the State. All sheriffs, tax collectors, city treasurers, clerks of courts, receivers and treasurers or other agents of the State, or of the courts thereof, may deposit any moneys they may have in their possession or custody with such banking company, but shall not be required to do so by virtue hereof. And executors, administrators, trustees, guardians or Life Insurance Companies having or controlling life insurance funds, may deposit the funds held by them with such company upon receiving sufficient security."

It is contended that the pledge of the securities, *supra*, is not *ultra vires* and is within the implied power of a bank, that the same is incidental and necessary to carry on the general business of banking institutions and fully authorized by Section 4 of Chapter 13576, Acts of 1929, Laws of Florida, viz.:

"Section 4. That Section 4137 of the Revised General Statutes of the State of Florida be amended so as to read as follows:

"Section 4137. ENUMERATED. Every banking company shall have power to exercise, by its board of directors or duly authorized officers or agents, subject to law, all such incidental powers as may be necessary to carry on the business of banking by discounting and negotiating promissory notes, drafts, bills of exchange and other evidences of debt, by receiving deposits, by buying and selling exchange, coin and bullion, and by loaning money on personal and real security.

"It may purchase, hold and convey real estate for the following purposes and for no other:

"1. Such as may be necessary for its immediate accommodation in the transaction of its business, provided the investment in such real estate does not exceed forty per cent. of its capital and surplus.

"2. Such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its dealings.

"3. Such as it shall purchase at a sale under judgments, decrees or mortgages taken by or assigned to the company, or shall purchase to secure debts due to it."

The burden rests upon one who seeks to hold a corporation liable for an act, or on a contract, of an officer or agent to show that the doing of the act or the execution of the contract was duly authorized or that it was properly ratified. Likewise officers of a bank, because of their fiduciary character, are forbidden to deal in or handle the funds or property of the bank for their own advantage. See Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901, and authorities cited. A deposit with a bank is presumed to be general in the absence of a special agreement imparting a different character. See McCrory Stores Corporation v. Tunnicliffe, 104 Fla. 683, 140 So. 806. When a general deposit with a bank is made the depositor parts with the title of the deposit and in the absence of a special agreement imparting a different character, the relationship between the parties is simply that of debtor and creditor. See Tomasello v. Murphy, 100 Fla. 132, 129 So. 328.

In the case of Florida National Bank of Jacksonville v. Okeechobee County, 117 Fla. 262, 157 So. 570, it was held that a National Bank under the Federal banking laws had no authority or power to enter into a contract to pledge securities to secure deposits coming to it as a banking insti-

tution, or to guarantee safety of such deposits in another bank, and hence such a contract was not only *ultra vires,* but was unenforceable.

In the case of Cottondale State Bank v. Oakamp Nolting Co., 64 Fla. 36, 59 So. 566, it was held that there is no provision in either our State banking laws or in the Federal banking laws that either expressly or by implication empowers such banks to guarantee the payment of a debt of a third party, solely for his benefit, and any such agreement when attempted is *ultra vires,* and void, and is not binding upon such bank when made by its Cashier, since such Cashier is not authorized by an agreement that is *ultra vires* and is without power to bind the bank. See Smith v. Baltimore & O. R. Co., 48 Fed. (2nd) 861; State Bank of Commerce v. Stone, 261 N. Y. 175, 184 N. E. 750, 87 A. L. R. 1449, and note; Vol. 7, American Jurisprudence, pages 134-135, par. 175.

Section 8 of Chapter 13576, *supra,* limits the power of of a banking company to pledge its assets to secure the payment of deposits exclusively to public money and the attempted pledge here has not been shown, neither does it appear from the record to be public money, and for this reason there was no error in the ruling in the court below when the order was entered striking or dismissing the counterclaim filed by the defendant.

The order appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.