Action by Lemmie Lee against M.L. Melvin and All Florida Surety Company, a corporation, on a performance bond contract. From a judgment of nonsuit, plaintiff appeals.
Affirmed.
The plaintiff-appellant brought suit upon a performance bond contract and upon trial plaintiff suffered a nonsuit and thereupon entered his appeal. The nonsuit was provoked by a ruling adverse to the plaintiff and the appeal is based upon the law, as follows:
"59.05 Appeal from order of nonsuit
"When, because of any decision or ruling of the court on the trial of a cause, it becomes necessary for the plaintiff to suffer a nonsuit, he may appeal therefrom, and the facts, points, rulings, and decisions may be preserved for review, by the appellate court, as in other cases." As amended, Laws 1945, c. 22854, Sec. 5. Section 59.05, F.S. 1941, F.S.A.
The judgment entered properly recited that the plaintiff had elected to take a non-suit, but the adjudicating portion of the final judgment was as follows:
"* * * it is thereupon ordered and adjudged by the Court that judgment of non-suit be, and it is hereby entered in this cause with Bill of Exceptions and full statutory time is allowed Plaintiff for preparation and presentation of Bill of Exceptions.
"It is further ordered and adjudged by the Court that the plaintiff take nothing by his suit and that the Defendants go hence without day and have and recover of and from the plaintiff, Lemmie Lee, their costs in this behalf expended and herein taxed at $ ____, for which let execution issue." *Page 838 
The latter portion of the foregoing judgment is in the form of a judgment on the merits, as other such judgments coming to this Court have been, and it sometimes happens that a controversy develops as to whether such judgment is a judgment on the merits by reason of the judgment providing that "plaintiff take nothing by his suit."
Our practice is postulated upon a pre-Revolutionary War statute of the mother country set forth in the footnote[1] and the Encyclopedia of Forms, citing an Alabama case, suggesting a proper judgment in case of nonsuit as follows:
"This day came the parties by their attorneys, and the plaintiffs voluntarily suffer a non-suit. It is therefore considered by the court, that the defendant go hence, and recover of the plaintiffs their costs in this behalf expended." Vol. 6, Encyclopedia of Forms, 878.
Appellant by his assignment of error seeks review of a ruling of the trial judge sustaining an objection to receiving in evidence the bond sued upon. A plea of the defendant was to the effect that the said Crews "was without power or authority to execute said bond" as its agent.
The proof failed to establish any material fact relative to the bond other than that the defendant Melvin, who was the contractor, had delivered the bond to the plaintiff. The authenticity of the signature of Crews was not established and no evidence was introduced tending to establish agency of Crews or ratification by the surety. The bond was offered in evidence at its face value and was rejected.
The law applicable seems to have been well stated in the following headnotes:
"When plaintiff in a civil action seeks to recover upon a contract alleged by him to have been made with the defendant through the latter's agent, the burden of proof is upon plaintiff to show the authority of the agent for making the contract." Foye Tie Timber Co. v. Jackson, 86 Fla. 97, 97 So. 517.
"One seeking to hold corporation liable on officer's or agent's act or contract has burden to show authorization or ratification." E.O. Painter Fertilizer Co. v. Boyd, 93 Fla. 354,114 So. 444.
"The burden rests on one who seeks to hold a corporation liable for an act, or on a contract, of an officer or agent to show that act or execution of contract was duly authorized or that it was properly ratified." Vassar V. Smith, 134 Fla. 346, 183 So. 705.
We fail to find harmful error, and the judgment appealed is
Affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.
[1] "* * * the statute 14 Geo. II, c. 17, by which it is enacted, `that where any issue is or shall be joined, in any action or suit at law, in any of his majesty's courts of record at Westminster, c. and the plaintiff or plaintiffs in any such action or suit, hath or have neglected, or shall neglect, to bring such issue on to be tried, according to the course and practice of said courts respectively, it shall and may be lawful for the judge or judges of the said courts respectively, at any time after such neglect, upon motion made in open court, (due notice having been given thereof) to give the like judgment for the defendant or defendants in every such action or suit, as in cases of non-suit; unless the said judge or judges shall, upon just cause, and reasonable terms, allow any further time for the trial of such issue: and if the plaintiff or plaintiffs shall neglect to try such issue, within the time so allowed, then and in every such case, the said judge or judges shall proceed to give such judgment as aforesaid. Provided always, That all judgments, given by virtue of this act, shall be of the like force and effect as judgments upon non-suit, and of no other force or effect: Provided, also, That the defendant or defendants shall, upon such judgment, be awarded his, her, or their costs, in any action or suit, where he, she, or they would, upon non-suit, be entitled to the same, and in no other action or suit whatsoever." Vol. 2, Tidd's Practice, p. 701. *Page 839