PER CURIAM.
The defendant, Central Bank and Trust Company, appeals from a final decree for the plaintiffs, J. H. Shipman and Norman Bonnett, as partners, doing business as B & W Wholesalers. The action was for declaratory decree and other relief. In the complaint it was alleged that the defendant bank knew that certain proceeds from drafts deposited with the bank for collection equitably belonged to the plaintiffs, and that the bank received such funds in trust for the use and benefit of the plaintiffs. The chancellor, as is evidenced by the challenged final decree found that the appellant bank had or was chargeable with knowledge that the funds of the depositor belonged to the plaintiffs and accordingly entered judgment against the bank for the amount of the proceeds from the drafts.
The bank’s first point claims error in that the court applied the wrong rule of law. It urged that a bank cannot be charged with knowledge that funds deposited for collection as a general deposit in a checking account of a depositor are the property of any specific claimant other than the depositor. It is readily apparent that this contention is valid under the circumstances surrounding an ordinary banking transaction. See Vassar v. Smith, 134 Fla. 346, 183 So. 705, 706; McCrory Stores Corporation v. Tunnicliffe, 104 Fla. 683, 140 So. 806, 807; Bryan v. Coconut Grove Bank & Trust Co., 101 Fla. 947, 132 So. 481, 484, 134 So. 229.
Upon the other hand there are numerous instances in which the courts have found *707 that under special circumstances a bank may be charged with the misapplication of funds which were deposited with it for collection and of which it had special knowledge that the funds in equity belonged to a person other than the depositor. Union Stock Yards National Bank v. Gillespie, 137 U.S. 411, 11 S.Ct. 118, 34 L.Ed. 724. See also cases cited at Annotation, 13 A.L. R. 324.
There was evidence in this case which, if believed by the chancellor, afforded a sufficient basis for his finding that the bank had actual knowledge that the funds to be collected belonged to the plaintiffs and therefore could not legally be applied by the bank to an indebtedness of the depositor to the bank.
The only other point presented by the appellant for our consideration is as follows:
“If the answer to the foregoing question is affirmative, may the court hold the bank liable to the customer for the full amount due the customer from the depositor without an accounting to determine what portion, if any, of the proceeds of the drafts, or of advances made on the drafts, was received by the bank?”
This point and the assignments of error argued thereunder require an examination of the record to determine if there is sufficient evidence in the record to support the amount of the judgment. The record revealed testimony that at the time the bank obtained actual knowledge of the true ownership of the funds, none of the proceeds of the drafts in question had become liable for any charge issued in the ordinary course of business. We therefore hold that there was sufficient evidence from which the chancellor could determine that all of said funds were equitably due to the plaintiff.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.