187 So.2d 45 (1966)
E.B. FERGUSON, Appellant,
v.
FIVE POINTS NATIONAL BANK OF MIAMI, a national Banking Corporation, and Federal Deposit Insurance Company, Appellees.
No. 65-834.
District Court of Appeal of Florida. Third District.
May 24, 1966.
Rehearing Denied June 21, 1966.
William B. Roman, Miami, for appellant.
Horton & Schwartz, Hansford D. Tyler, Jr., Blackwell, Walker & Gray, Miami, for appellees.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant seeks review of an order of the trial court, entered at the conclusion of the plaintiff's case, dismissing with prejudice his complaint seeking a mandatory injunction to require the appellee to purchase a certain promissory note.
*46 In May of 1964, the appellant loaned $80,000.00 to C.M.C. Corporation, taking that corporation's promissory note with two individual co-makers. The note was payable May 22, 1965. Thereafter, C.M.C. Corporation merged with Coin Meter Company. In February of 1965, one of the co-makers on the note, David Gleiberman, sold his interest in Coin Meter Company and, as part of the sale, insisted he be relieved of liability on the aforementioned note. The appellant was requested to accept a new note from Coin Meter Company with a maturity date one month later than the original note, and co-signed by one Gordon S. Miller in substitution for Gleiberman. The appellant did not want to make the exchange of notes, but was induced to agree to such exchange on the basis that the appellee herein would guarantee to purchase the new note at any time subsequent to the maturity date of the original note and prior to the maturity date of the new note, in accordance with a letter as follows:
* * * * * *
"Dear Mr. Roman:
"Your client, Mr. E.B. Ferguson, is presently the owner and holder of a promissory note dated May 22, 1964, payable one year after date in the amount of $80,000.00 with interest at 7 1/2% payable monthly. This note is made by C.M.C. Corporation, David Gleiberman and Sy Pollack as co-makers. C.M.C. Corporation has been merged into Coin Meter Company.
"In order to induce you to accept a new note from Coin Meter Company in a like amount with interest at 7 1/2% payable monthly but due June 22, 1965, and with a substitution of Mr. Gordon S. Miller as co-maker in place of David Gleiberman, we agree to purchase from E.B. Ferguson without recourse for the full unpaid principal and interest such new note at any time the same is presented to us between May 22, 1965 and June 22, 1965.
 "Yours very truly,
 "FIVE POINTS
 NATIONAL BANK"
The appellee is a national bank and, as such, may purchase commercial paper in the ordinary course of banking business; but it cannot become a guarantor or surety of the obligations of third persons without consideration or benefit. The appellant urges that there was some benefit flowing to the appellee, but the bank had no financial interest in the transaction which culminated in the giving of the note, and there was no consideration or benefit to the bank for its letter.
The appellant contends the letter was not a guarantee but the purchase of commercial paper in the ordinary course of business. This argument is not sound. The form of the undertaking is immaterial, as pointed out by the Supreme Court of Florida in Newsom v. Gill, 107 Fla. 458, 145 So. 189:
* * * * * *
"* * * This rule is applicable whether the agreement or undertaking was direct or indirect, or arises by reason of attempted unauthorized execution of promissory notes on behalf of third parties, or otherwise."
* * * * * *
Under the National Bank Act, the Federal courts have interpreted the matter in much the same way as the Florida courts. The appellee, being a national bank, has certain defined and limited powers. In Kimen v. Atlas Exchange National Bank of Chicago, 7th Cir.1937, 92 F.2d 615, the Court of Appeals said:
* * * * * *
"National Banks may rightfully exercise only such powers as are expressly granted and such as are necessarily incidental to the effectuation of their chartered purposes. Incidental powers can avail neither to create powers which expressly or by reasonable implications are withheld *47 nor to enlarge the powers granted. They are inferred and exist only to carry into effect such powers as are granted. First National Bank [in St. Louis] v. [State of] Missouri, 263 U.S. 640, 44 S.Ct. 213, 68 L.Ed. 486."
* * * * * *
In the Kimen v. Atlas Exchange National Bank of Chicago case, supra, the contract relied upon was an agreement by the bank to repurchase at par at any time certain real estate bonds sold by the bank. The Seventh Circuit held, at p. 617: "This was in effect a guarantee." The factual situation in the cited case is analogous to the facts of this case. The bank agreed to purchase a note [not at discount] for the full amount of the unpaid principal and interest. If there is a distinction between the facts in the Kimen v. Atlas Exchange National Bank of Chicago case, supra, and the case at bar, it is so immaterial as to create no difference.
The appellant contends that he relied on the bank's agreement to purchase, but his reliance could not offset the binding effect of the rule of law that one dealing with a public regulated corporation, such as a national bank, is charged with notice of the laws regulating such institutions and the authority of these institutions in dealing with the public. The law appears clear that a national bank is not permitted to lend its credit to commercial paper which it does not own. The bank is not permitted to lend its credit in transactions where it has no beneficial interest.[1] In Sponge Exchange Bank of Tarpon Springs v. Commercial Credit Corporation, 5th Cir.1920, 263 F. 20, the Court of Appeals said:
* * * * * *
"The law under which the Bank exists does not permit it to lend its credit to paper which it does not own, and in which it has no beneficial interest. * * *"
In the same case, in commenting on the fact that persons dealing with banks are charged with notice of the laws governing banks, the court said:
* * * * * *
"* * * The Florida law on this subject, with notice of which parties dealing with the Bank are chargeable, is in conformity with the generally prevailing law governing banks. * * *"
* * * * * *
To the same effect was a statement by the North Carolina Supreme Court in People's National Bank of Winston-Salem, N.C. v. Southern States Finance Co., 192 N.C. 69, 133 S.E. 415, 48 A.L.R. 519, where that court said:
* * * * * *
"* * * Every one dealing with a national bank does so with notice of, and subject to, the powers conferred, and on the limitations imposed by the law of its creation. * * *"
* * * * * *
In Florida, the rule is well settled that banks cannot lend their credit to paper which they do not own or to third parties, and in transactions in which the bank has no beneficial interest. See: Cottondale State Bank v. Oskamp Molting Co., 64 Fla. 36, 59 So. 566; Vassar v. Smith, 134 Fla. 346, 183 So. 705; and also: Perkins v. Fuquay, 106 Fla. 405, 143 So. 323; Missouri State Life Insurance Co. v. Lakeland Star Telegram, 111 Fla. 416, 149 So. 597, 91 A.L.R. 173; Florida National Bank of Jacksonville v. Okeechobee, 117 Fla. 262, 157 So. 570. All of these cases adhere to the same rule and have made no distinction between State and National banks in the application of the rule. See also: 10 Am.Jur.2d, Banks, § 298. As we have previously stated, we do not hold that a bank *48 could not purchase negotiable paper at discount and do numerous other acts permitted in connection with carrying on its banking business, but it could not reach out and guarantee the payment of a promissory note in a transaction to which the bank was a stranger and with no benefits flowing to it.
The appellant urges the application of § 608.50, Fla. Stat., F.S.A., which provides that a Florida corporation cannot raise ultra vires in defense of a corporate act. We hold that this statute is not applicable to National banks which are created pursuant to the laws of the Federal Congress. See and compare: Coral Gables First National Bank v. Constructors of Florida, Inc., Fla.App. 1960, 119 So.2d 741; Farmers' and Mechanics' National Bank of Buffalo v. Dearing, 91 U.S. 29, 23 L.Ed. 196; Schuyler National Bank v. Gadsden, 191 U.S. 451, 24 S.Ct. 129, 48 L.Ed. 258; Title 12, U.S.C.A. §§ 85,86.
Therefore, the final order of dismissal is hereby affirmed.
Affirmed.
NOTES
[1] There was no contention that there was any benefit to the bank at the time of the execution of the letter of February 8, 1965, and not until the bank purchased the note at its face value plus accrued interest could it have earned any interest on its money.