MANN, Judge.
None of us has been to Concordia, Kansas, and it is not among the places we are yearning to visit. On the other hand, St. Petersburg, Florida, is a nice place to live or visit, and in the midst of one of its largest retail districts is the Central Plaza Bank & Trust Company, a reputable financial institution owned and managed by some of the community’s leading citizens. We regret to announce that we cannot uphold the judgment in its favor from which this appeal is taken.
Tower Credit Corporation controlled, and owned all but qualifying shares in, Central Savings Association, a Kansas mutual savings and loan assocation. Tower borrowed $50,000 from Central Plaza Bank, which insisted that another Tower subsidiary maintain a 15% compensating balance, that Tower’s two principal officers personally endorse the notes and that Central Savings Association acquire and maintain a $50,000 certificate of deposit, which it did, later reducing the amount to $42,500. Ultimately, after Tower’s loan was in default, Central Savings demanded payment of its certificate of deposit, but the attorney for Central Plaza Bank advised it that the certificate of deposit had been applied to Tower’s indebtedness.
Following the trial court’s denial of a directed verdict, a jury found the certificate of deposit to be a condition of the loan and established the identity of Tower and Central Savings so that if it had been, for example, a manufacturing subsidiary or affiliate, the verdict for the bank might be lawful. See Piedmont Print Works, Inc. v. Receivers of People’s State Bank of South Carolina, 68 F.2d 110 (4th Cir.1934); Black & Decker Mfg. Co. v. Union Trust Co., 53 Ohio App. 356, 4 N.E.2d 929 (1936).
But a financial institution is dealing not with its owners’ money primarily, but with its depositors’. Appellant, regulated by the Federal Home Loan Bank Board, was forbidden to “make any loan, discount, or extension of credit to” any company owning it. 12 U.S.C. § 1730a (d) (4) (1964). A bank may lend its money but not its credit. Ferguson v. Five Points National Bank of Miami, Fla.App. 1966, 187 So.2d 45, and cases there cited. See Stearns, Suretyship, 5th ed. by Elder, § 2.6 (1951).
*52 Owners of banks or savings and loan associations cannot use depositors’ money as collateral for their personal loans.
Reversed and remanded for entry of judgment for appellant.
PIERCE, J., concurs.
HOBSON, Acting C. J., dissents.