J. W. PERKINS, as Liquidator of the Atlantic Bank & Trust Company, a corporation organized and existing under and by virtue of the laws of the State of Florida, WINTHROP W. ESCH, et al., *Appellants*, vs. D. F. FUQUAY, and C. M. ROGERS, *Appellees*.

143 So. 323.

Division A.

Opinion filed August 5, 1932.

*Hull, Landis & Whitehair*, for Appellants;

*Chas. F. Wells*, for Appellees.

BUFORD, C. J.—The appeal in this case is from a decree confirming a sale and granting a deficiency money decree against J. W. Perkins as Liquidator for the Atlantic Bank & Trust Company, now defunct.

The only question necessary for us to discuss here is whether or not under the facts and pleadings in this case a deficiency decree could properly be entered against the Liquidator. Atlantic Bank & Trust Company was a banking corporation organized under the laws of the State of Florida and was authorized to do business as a trust company.

It is too well settled to require citation of authorities in support of the statement that the powers and capacities of banks and trust companies are limited to those powers and capacities specifically granted to them by statute or which must be necessarily exercised in the performance of those powers and in the enjoyment of those capacities which are specifically conferred by statute. The statute authorizes neither a bank nor a trust company to speculate in real estate. A trust company is specifically authorized:

"To take, accept and execute any and all such legal trusts, duties and powers in regard to the holding, management and disposition of any estate, real or personal, and the rents and profits thereof, or the sale thereof, as may be granted or confided to it by any court of record, or by any person, corporation, municipal or other authority, and it shall be accountable to all parties in interest for the faithful discharge of every such trust, duty or power which it may so accept."

And also:

"To take, accept and execute any and all trusts and powers of whatever nature or description that may be conferred upon or intrusted or committed to it by any person or persons, or any body politic, corporation or other authority, by grant, assignment, transfer, devise, bequest or otherwise, or which may be intrusted or committed or transferred to it or vested in it by order of any court of record, or any probate court, and to receive, take and hold any property or estate, real or personal, which may be the subject of any such trust."

The mortgage and notes constituting the basis of this suit were executed in the following manner:

"ATLANTIC BANK AND TRUST COMPANY, as Trustee but not individually,
By T. J. McReynolds, Executive Vice-President, (Seal)
Attest, C. H. Talton, Cashier." (Seal)

Atlantic Bank & Trust Company was without authority to pledge its individual liability for the payment of the notes and, therefore, the payee of the notes and mortgage

could not be deemed in law to have any right to look to Atlantic Bank & Trust Company individually for the payment thereof, nor to assume that the credit of Atlantic Bank & Trust Company was pledged for the payment thereof.

The suit is not against Atlantic Bank & Trust Company as an existing and going corporation but it is against the Liquidator of the defunct corporation whose duty it is to represent the creditors of the defunct corporation and in the discharge of his duties he is bound to resist the demands for unlawful claims against the funds in his hands.

The record discloses that it was never the intention of the Bank or its officials to bind the bank personally to pay those notes and if the Liquidator could be held liable for the deficiency it would be upon the theory that the Bank exercising its functions as a trust company acted as agent for and on behalf of an undisclosed principal. The record shows that the identity of the principal at the time of the transaction was not disclosed but it does show affirmatively that all parties were put on notice that the bank in the exercise of its trust functions was acting as Trustee for other parties and not individually and, as heretofore stated, all parties were charged with the knowledge as a matter of law that the Bank was not authorized to execute the notes and mortgage as an individual. Under this condition of the record the mortgagees and the payees in the mortgage and notes who were the complainants in the court below must be assumed to have looked to the security afforded by the mortgage and not to the personal liability of Atlantic Bank & Trust Company for the payment of the debt secured by the mortgage.

Having arrived at the conclusion above stated, it is not necessary for us to determine whether or not the notes and mortgage would have been ultra vires and non-enforce-

able, if the Bank had attempted to become personally liable on the obligation.

The case of Citizens Bank & Trust Company vs. Mabry, 1084 Fla. 102, 136 Sou. 714, and cases there cited in support of the opinion in that case, are not controlling in the case at bar. Neither is the opinion and judgment in the case of Luria vs. Bank of Coral Gables, filed in this Court on July 14, 1932.

The decree, insofar as it adjudges a deficiency required to be paid by the appellant Perkins as Liquidator, should be reversed and, with this provision of the decree eliminated, the remainder of the decree should stand affirmed and the costs incident to this appeal should be taxed against the appellee. It is so ordered.

Ellis and Brown, J.J., concur.

Whitfield, P.J., and Terrell and Davis, J.J., concur in the opinion and judgment.