## CHANDLER, RECEIVER, *v.* PEKETZ.

No. 583. Argued March 4, 1936.—Decided March 30, 1936.

*Mr. Thomas Vennum,* with whom *Messrs. G. Dexter Blount, Harry S. Silverstein,* and *Harold F. Collins* were on the brief, for petitioner.

No appearance for respondent.

*Mr. A. D. Quaintance,* with whom *Mr. E. B. Evans* was on the brief, as *amici curiae* by leave of Court, in support of the judgment of the court below.

PER CURIAM.

By order of the District Court of the United States for the District of Minnesota, petitioner was appointed receiver of the Diamond Motor Parts Company, a Minne-

sota corporation. In the same suit, on the receiver's application, the court ordered an assessment of 100 per cent. upon the shares of stock of the corporation, in order to enforce the provisions of the Minnesota constitution and laws relating to the double liability of stockholders. Minn. Const., Art. 10, § 3; Mason's Minn. Stat., §§ 8025–8028. The order was affirmed by the Circuit Court of Appeals. *Saetre* v. *Chandler*, 57 F. (2d) 951.

The receiver brought the present suit in the state court of Colorado against respondent John Peketz, a resident of that State and alleged to be a stockholder in the corporation. Respondent demurred to the complaint upon the ground that the action of the District Court in Minnesota was not binding upon him. The demurrer was sustained, the suit was dismissed, and the judgment was affirmed by the Supreme Court of Colorado against the contention of the receiver that full faith and credit had been denied to the order of assessment. Compare *Hancock National Bank* v. *Farnum*, 176 U. S. 640, 645. The state court held that since respondent was not served with process in Minnesota, the court ordering the assessment acquired no jurisdiction over his person, and that the procedure provided by the laws of Minnesota in the interest of nonresident stockholders had not been followed. This Court granted certiorari.

The legislation of Minnesota with respect to the liability of stockholders has been reviewed and its constitutional validity has been sustained by this Court. *Bernheimer* v. *Converse*, 206 U. S. 516; *Converse* v. *Hamilton*, 224 U. S. 243; *Selig* v. *Hamilton*, 234 U. S. 652, 660; *Marin* v. *Augedahl*, 247 U. S. 142. We have held that the Minnesota provisions constituted a reasonable regulation for enforcing the liability assumed by those who became stockholders in corporations organized under the laws of that State; that the order levying the assessment is made conclusive as to all matters relating to the amount and

propriety thereof, and the necessity therefor; that it is thus conclusive, although the stockholder may not have been a party to the suit in which it was made or notified that an assessment was contemplated, as the order is not in the nature of a personal judgment against him and he must be deemed, by virtue of his relation to the corporation and the obligation assumed with respect to its debts, to be represented by it in the proceeding; and, further, that one against whom the order of assessment is sought to be enforced is not precluded from showing that he is not a stockholder, or is not the holder of as many shares as is alleged, or has a claim against the corporation which in law or in equity he is entitled to set off against the assessment, or has any other defense personal to himself.

These defenses respondent was entitled to assert in the suit brought against him by the receiver in Colorado. But the present question relates not to any such defense, as none was asserted, but to the binding quality of the order of assessment. The particulars of procedure in the Minnesota suit, which the court in Colorado found faulty, were these. The petition for assessment was filed by the receiver in the Minnesota suit on July 10, 1931. The proceeding was entertained and the court entered an order setting the matter for hearing on August 31, 1931. Notice was mailed on July 25, 1931, to all stockholders, including respondent, the notice being sent to his address at Denver. On August 18, 1931, the court in Minnesota made an order continuing the hearing to September 10, 1931. On August 19, 1931, notice of the hearing on the adjourned date was mailed to each stockholder, including respondent. The state court in Colorado took the view that the Minnesota statute required that the court in proceedings for an assessment shall "appoint a time for hearing, not less than thirty nor more than sixty days" after the order appointing the

hearing, and that by reason of the adjournment the hearing was not had within the time which the statute prescribed. Another objection was that the Minnesota laws required the court in ordering an assessment to designate a period for payment, that is, that payment should be directed "within the time specified in such order." Mason's Minn. Stat., *supra*. The order in question required the stockholders to pay the assessment "forthwith" and directed the receiver "forthwith" to institute suits to recover the amounts assessed, with interest to run from thirty days after the date of the order.

The Court is of the opinion that neither of these objections go to the jurisdiction of the District Court in Minnesota in making the assessment. That jurisdiction attached when the petition of the receiver was filed in accordance with the statute. Neither the order for continuing the hearing, nor the provision directing payment, can properly be regarded as ousting that jurisdiction. Errors or procedural irregularities, if any, were subject to correction by the court itself or upon appeal, but afforded no warrant for collateral attack upon the order. *Rose* v. *Himely*, 4 Cranch 241, 278; *Thompson* v. *Tolmie*, 2 Pet. 157, 163; *Fauntleroy* v. *Lum*, 210 U. S. 230, 234, 235, 237; *Briscoe* v. *District of Columbia*, 221 U. S. 547, 553, 554; *Marin* v. *Augedahl, supra*.

The judgment of the Supreme Court of Colorado is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*