PETER J. MEERSMAN v. HENRY W. LANGBEHN, *et al.*

168 So. 801.
Division B.
Opinion Filed June 8, 1936.

*C. P. Diamond,* for Appellant;

*Vocelle & Mitchell,* for Appellees.

BUFORD, J.—The appeal here brings for review final decree in a foreclosure case.

The mortgage was executed by Henry W. Langbehn and wife to Peter J. Meersman. The record shows a conveyance by deed from Langbehn and wife to Farmers Bank & Trust Company of Vero Beach, Trustee for Vero Beach Golf & Country Club. The deed contained the following clause:

"This deed is made subject to a mortgage in the amount of $3,500.00 dated September 17, 1925, filed October 14, 1925, Mortgage Book 4, page 83, which party of the second part hereby agrees to assume."

Farmers Bank & Trust Company of Vero Beach later had its name changed to Farmers Bank of Vero Beach. Farmers Bank of Vero Beach filed its answer in which, amongst other things, it alleged:

"Answering paragraphs 6 and 7 of said bill of complaint, this defendant says that it never knew, had no notice of, and was not advised that Henry W. Langbehn and Anna Langbehn, his wife, had conveyed the property described in the bill of complaint in this cause to Farmers Bank & Trust Company of Vero Beach, Trustee for Vero Beach Golf and Country Club, until it was so advised by the solicitor for the complainant in this cause just prior to the institution of this action; that neither said Farmers Bank & Trust Company of Vero Beach nor Farmers Bank of Vero Beach ever purchased the property in question; that said Farmers Bank & Trust Company of Vero Beach and Farmers Bank of Vero Beach have not paid any consideration whatsoever for said property, have never, and do not now claim any right, title or interest in and to the same, have not in any manner

assumed or agreed to pay off and discharge the mortgage herein sought to be foreclosed, and deny specifically that this defendant ever assumed or agreed to pay off and discharge said mortgage, and deny that such assumption was a part of the consideration for the conveyance of the property in question for Henry W. Langbehn and wife. This defendant denies that it agreed to pay any consideration whatsoever for the conveyance of said property, and denies that said property was ever conveyed to said Farmers Bank & Trust Company of Vero Beach, but on the contrary says, that one J. S. McClintock, who was then and there vice-president and trust officer of said Farmers Bank & Trust Company of Vero Beach, conceived the idea, together with certain associates of his, to organize the Vero Beach Golf and Country Club, and for that purpose purchased certain real estate, among which was the property described in the bill of complaint in this cause, and that prior to the actual incorporation of such an organization the said J. S. McClintock, and his associates, purchased the property in question in this case from Henry W. Langbehn and wife and for convenience had the title made to Farmers Bank & Trust Company of Vero Beach, as trustee, for Vero Beach Golf and Country Club, but that said conveyance was made without the knowledge or consent of said Farmers Bank & Trust Company, and was intended to be and was so conveyed for convenience, and it was understood and agreed by and between the said J. S. McClintock and his associates as the Vero Beach Golf and Country Club at the time of the purchase of the property in question in this case from Henry W. Langbehn and wife, that said Vero Beach Golf and Country Club would pay the mortgage which is the subject of this action, and the reference in said deed to the party of the second part assuming the said mortgage was intended

to refer to Vero Beach Golf and Country Club and not to Farmers Bank & Trust Company of Vero Beach, and was so understood and agreed by and between the said J. S. McClintock, acting not for the Farmers Bank & Trust Company, but for Vero Beach Golf and Country Club and the said Henry W. Langbehn and wife."

And, further answering, it was alleged:

"This defendant says it never has and does not now claim title to the property involved in this action, has never agreed to nor assumed the mortgage indebtedness sued upon, nor any other indebtedness with respect to said property; has never paid any consideration for said property and had no knowledge or notice of the deed in question until called to its attention by the solicitor for complainant in this cause just shortly before this action was brought, and thereupon advised said solicitor that said deed was not its deed, and says now that said deed was not intended to convey the property in question to this defendant nor to cause this defendant to assume the mortgage in question and that no such agreement was ever entered into either by this defendant or by any of the parties to said deed."

The answer then denied that it is liable for the obligation to pay any sums by reason of the assumption clause in the deed.

Motion to strike the portion of the answer above referred to was denied and on final hearing the court decreed that the Bank was not liable on the assumption clause. It is from this part of the decree that appeal is taken.

The defendant named in the deed was a State banking institution, although it was a "Bank and Trust Company." It is true that the power of a bank authorized to exercise trust functions is broader in regard to the purchase and holding of real estate than is that of a Bank which is not

authorized to exercise trust functions. The evidence shows conclusively that while an officer of the Bank and Trust Company negotiated this transaction, he was not purporting to act in behalf of the Bank except insofar as the Bank should become Trustee for Vero Beach Golf and Country Club. It was never the intention of the parties that the Bank should acquire the beneficial title in the property. Under the facts as shown by the record, if the appellant's contention is to be followed, it will be necessary to hold that the Bank and Trust Company should voluntarily assume to pay the obligation of a *cestui que* trust.

The appellant has shown no authority to exist in the Bank to assume such an obligation.

We, therefore, hold that the decree should be affirmed on authority of the opinion and judgment in the case of Missouri State Life Insurance Co. v. Lakeland Star-Telegraph, 111 Fla. 416, 149 So. 597.

We are not unmindful of what was said in the case of Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901, where we held:

"Grantee, knowingly accepting deed containing mortgage assumption clause becomes primary debtor."

But in that case we also held that a deed conveying land to a Bank title to which Bank was prohibited by statute from taking is not void and in that case we further said that:

"Realizing that the law should apply to all alike, we, therefore, are disposed to put such bank cases as are similar to the instant case, in a class or 'category' to themselves and hold that the deed to the Coral Gables Bank is not void. If it is not void, it follows that the plaintiff had the right under the rule stated in recent decisions of this Court to enforce the agreement of the Bank of Coral Gables to pay

the debt secured by the mortgages held by the plaintiff, provided there is no other reason why it should not be enforced."

In the instant case, however, there appears to be another good and sufficient reason why the assumption clause should not be enforced and that reason is that there is ample legal evidence upon which to base a finding that it was never the intent or purpose of the trustee, Vero Beach Bank and Trust Company, to acquire the beneficial title to the property or to assume the obligation to pay the mortgage indebtedness then existing and referred to in the deed.

It appears that there is no reversible error disclosed by the record. So the decree should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.