**BATES, Superintendent of Banking, v. ATLANTIC NAT. BANK OF JACKSONVILLE.**

No. 8820.

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1939.

Wm. H. Rogers and Paul Ritter, both of Jacksonville, Fla., for appellant.

E. J. L'Engle, J. W. Shands, Edward W. Lane, Jr., and Edward McCarthy, Jr., all of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

A demurrer was sustained to a declaration at law, filed under the common law practice prevailing in Florida, whereby D. W. Bates, Superintendent of Banking of the State of Iowa, as Receiver of an Iowa State bank, sought to enforce against Atlantic National Bank of Jacksonville a statutory double liability for $3,100 because of stock to that par value held in the failed Iowa bank. The declaration asserts that the National Bank became the owner of twenty-seven shares each of par value $100 on Oct. 23, 1929, and four more shares in May, 1931, and continued to own them until Dec. 28, 1932, when the Iowa bank became insolvent. Thereafter an action in equity was brought in a State court in Iowa and written notice thereof served on the National Bank in Jacksonville, and, the National Bank not appearing, a decree was rendered making an assessment of 100% on the stock held by the National Bank and directing its enforcement by the Receiver. A copy of the decree was exhibited. In one count it was alleged simply that the National Bank owned and held the stock. In the other it was alleged that on Oct. 23, 1929, the National Bank had made an agreement with one B. F. Tillinghast which created a trust in certain property which the National Bank was to hold in trust for the purpose of investment and reinvestment for the use of Tillinghast and others, and that as such trustee it became the owner and holder of the stock.

The exhibited decree which was made a part of each count purports to be a supplementary decree in a suit by Bates, Superintendent of Banking, as Receiver of the Iowa bank against J. H. Abbott and others. It decrees that the National Bank "as trustee under that certain agreement dated Oct. 23, 1929, with B. F. Tillinghast" had been duly served with notice according to Section 9253 of the laws of Iowa and had made default, that the Iowa bank was insolvent, having stated debts and assets and stated outstanding stock of which latter the National Bank "as trustee under

that certain agreement dated Oct. 23, 1929, with B. F. Tillinghast" owned and held thirty-one shares; that a 100% assessment against all stockholders on their statutory liability was necessary, and that the National Bank "as trustee under that certain agreement dated Oct. 23, 1929, with B. F. Tillinghast" was assessed 100%, to-wit $3,100, which the Receiver was directed to collect according to law.

The main points of the demurrer are: 1. The assessment is against the National Bank as trustee in a definite trust, and will not support a suit for a personal liability. 2. There is no allegation of facts showing the necessity of assessment or the proper amount of it. 3. The decree of assessment appears not to have been rendered after lawful service. 4. A national bank cannot be held so liable as the holder of stock in a State bank.

The case as presented to us in behalf of the appellant is that the stock was acquired by the National Bank as trustee in this investment trust, the records of the State bank so showing it, but that the law takes no notice of the trust but holds the trustee to a personal liability for his obligations to third persons in respect of the trust, unless in their creation there is a particular exclusion of personal liability; that mere notice of the trust is not enough to exclude personal liability, nor is it enough that the trustee is described or signs as trustee. The first count of the declaration which ignores the trust is therefore put forward as pleading the facts according to their legal effect; the second count, stating the trust among the facts, maintains the same result in law, that the trustee is personally liable. There is no effort to charge the trust property, nor could there be in this common law suit. Much authority is cited to the effect that while courts of equity recognize a trust estate as a sort of entity, and a

trustee as its representative, that courts of law disregard trusts and treat the trustee as personally responsible for his acts and contracts as trustee, his designation as such being either descriptio personae or surplusage, leaving him to reimburse himself in proper cases out of the trust property. Although such is the general attitude of law courts, yet in respect to a liability created by a statute we think the law courts are as much bound by the statute as other courts, and cannot enforce the liability against any save those on whom the statute imposes it, and the District Court in Florida must take the Iowa statute which imposes and regulates this stockholder's liability as the courts of Iowa have interpreted and applied it.

The statute, passed in 1880 and now contained in three Sections of the Code, Sections 9251, 9252 and 9253, is copied in the margin.[1] It declares: "All stockholders of savings and state banks shall be individually liable to the creditors of such corporation of which they are stockholders over and above the amount of stock by them held," etc. The question here is whether when stock is held in trust for another and it so appears on the bank records, the trustee is the stockholder meant or is the trust estate or its beneficiary? The Iowa statute does not in words answer the question. We are told by appellant that by the statutes of thirty-two States and the United States it has been expressly provided that the trustee is not the stockholder who is to be liable, but the trust property is liable. Perhaps these legislatures thought it necessary, as is argued, so to specify. It is certain they thought it right that the trustee should not be made personally liable. The Iowa legislature did not deal expressly with trustees, but it did provide that the determination of the liability of the stockholders should be in an action in equity, and

---

[1] "9251. Liability of stockholders. All stockholders of savings and state banks shall be individually liable to the creditors of such corporation of which they are stockholders over and above the amount of stock by them held therein and any amount paid thereon, to an amount equal to their respective shares, for all its liabilities accruing while they remained such stockholders.

"9252. Enforcement. Should any such association or corporation become insolvent, its stockholders may be severally compelled to pay such deficiency in pro-

portion to the amount of stock owned by each, not to exceed the extent of the additional liability hereby created.

"9253. Action by creditor. The assignee or receiver of any such corporation, or in case there is none, or of his failure or refusal to act, any creditor thereof, may maintain an action in equity to determine the liability of the stockholders, and the amount to which each creditor shall be entitled; and all parties interested shall be brought into court."

this is held the proper method of fixing it under this statute. Elson v. Wright, 134 Iowa 634, 112 N.W. 105. This provision is fair evidence that the liability is to be visited under equitable principles, since it is required to be done in a court of equity. However blind and ignorant courts of law may profess to be concerning trusts notwithstanding the great mass of statute law now existing in every State about them, a court of equity surely will recognize them and protect from personal liability a faithful trustee who has no personal interest in the stock assessed, and who has by the corporate record fully disclosed to all who might enquire his true relation to the stock. This the Iowa court of equity has done in this very case by not ignoring the trust but asserting every time the National Bank is mentioned that it was dealt with as trustee in this particular trust.

In the case of Andrew, Superintendent of Banking v. City-Commercial Sav. Bank, 205 Iowa 42, 217 N.W. 431, 57 A.L. R. 767, the stock causing the assessment was held in the name of M. L. Horton, Trustee, and of A. J. Thompson, Trustee, without more. The court recognized that if the stock had stood in the names of the individuals simply, they would be bound for the assessment though not the true owners, because the corporation and its creditors might have been misled, but it held that the addition of the word "trustee", which is often adjudged to point to no particular trust or beneficiary and to be mere descriptio personae, was in this connection and for the purposes of this statute enough to prevent a mistaken reliance on the personal credit of the persons named and to put everyone on enquiry as to what their ownership really was. Such enquiry would have disclosed that the stock was in truth pledged to secure debts to two certain banks. It was held that the trustees of the several pledges were not liable to be assessed. In the present case the trust and the beneficiary are explicitly disclosed, and although the trust is for a different purpose from those in the Andrew Case, that case shows that he is not the stockholder who holds the legal title if he holds for others and it so appears on the corporate record, and that in a court of equity he is not to be held personally liable. Such is the meaning of the assessment decree here sued on, which assesses the National Bank expressly as trustee of an identified trust. Although judgments at law against one "as trustee" have been held to be personal judgments against the persons named, the reference to a trust being treated as surplusage, this is because such courts have disclaimed the power and ability to deal with trusts and are not supposed to have done so in rendering judgment. It is otherwise in a court of equity, whose peculiar function it is to recognize trusts and to do equity with respect to them.

The Receiver, obeying the direction of this decree to enforce it, cannot change its meaning by entering a court of law in another State. If that court of law cannot recognize the trust or charge the trust property equitably, a court should have been entered which can. The District Judge, who is also Chancellor, is of course familiar with trusts and trustees, and he rightly refused to allow this equitable decree to be given a false operation in a court of law. Perhaps the case might have been transferred to the equity side of the court and amended to pray a proper relief, but that was not requested and is not now asked.

If the law court should have ignored the trust and the mention of it, as appellant contends, and should proceed to treat the National Bank as the real stockholder, the want of power in a national bank to acquire such stock would stand in the way. California National Bank v. Kennedy, 167 U.S. 362, 17 S.Ct. 831, 42 L.Ed. 198; First National Bank v. Converse, 200 U.S. 425, 26 S.Ct. 306, 50 L. Ed. 537. The question of power was raised by a demurrer in the latter case as it is here. Since the powers of a national bank are fixed by laws which the Court judicially notices, we see no impropriety in so doing. There is no allegation that this bank took the stock as security or to collect a debt, as it may exceptionally do. But the argument is made that it took it in the execution of a trust, and thus did not invest its own funds in it, and that this is now within a national bank's power under 12 U.S.C.A. § 248(k). That section relates to the powers of the Board of Governors of the Federal Reserve System, and authorizes the Board by special permit to grant to national banks which ask it the power to act as trustees. There is no allegation that this bank has asked for and received such permit. But if we should assume that it did because it has acted as a trustee, we should not think that Congress intended that the ownership

of stock as trustee should include a power to involve the funds of the bank in a stockholder's liability, especially since the Federal statutes expressly provide that the bank's own stock when held in trust by others does not involve the trustee in personal liability for a stockholder's assessment. We are of opinion that a national bank which has been granted power to act as trustee may if authorized by the trust instrument buy stocks for the trust, disclosing the trust on the records of the corporation whose stock is bought, but that it will not thereby become liable to an assessment payable out of its own funds. Compare James Stewart & Co., Inc., v. National Shawmut Bank, 1 Cir., 75 F.2d 148; and as to Florida banks acting as trustees see Perkins v. Fuquay, 106 Fla. 405, 143 So. 323, and Meersman v. Langbehn, 124 Fla. 487, 168 So. 801.

The case of Bates v. Cooley, 187 Wash. 489, 60 P.2d 23, is direct authority that on the service here made the assessment decree in the equity court of Iowa validly determines the assessment against this non-resident stockholder; and that enforcement may be had by proceedings in the State of the stockholder's residence. See, also, Chandler, Receiver, v. Peketz, 297 U.S. 609, 56 S.Ct. 602, 80 L.Ed. 881; Taylor v. Fontaine, Mo.App., 10 S.W.2d 68. Assuming the correctness of these holdings, we yet think that no case for a personal recovery against the Atlantic National Bank of Jacksonville was set forth in either count of this declaration at law, and the demurrer was properly sustained.

Judgment affirmed.