JOSEPH P. MEROLA, complainant,

*v.*

FAIR LAWN NEWSPAPER PRINTING CORPORATION, defendant, and MARTIN J. CUMMINS, receiver, respondent, and CLILIAN B. POWELL and PHILIP M. H. SAVORY, appellants.

[Argued October 22d, 1943. Decided March 9th, 1944.]

*Messrs. Pesin & Pesin (Mr. Meyer Pesin, of counsel), for the appellants, Clilian B. Powell and Philip M. H. Savory.*

*Mr. Jerome Alper (Mr. David Cohn and Mr. Abram Simon, of counsel), for the respondent, Martin J. Cummins, receiver.*

The opinion of the court was delivered by

HEHER, J.

The decree under review levied an assessment in the total amount of $30,000 against stockholders of an insolvent corporation of this state; and it is assailed on the ground that it was made without a hearing and proof of the jurisdictional prerequisites, and is therefore violative of appellants' essential rights. The point is well made.

The decree determines that the stated sum was needed to satisfy the unpaid debts of the corporation and the administration expenses; that the stockholders comprised appellants, Powell and Savory, and complainant, Merola; that the unpaid subscriptions amounted to $21,250 on Powell's stock, the like sum on Savory's stock, and $47,500 on Merola's. Powell was assessed $7,083.33, Savory the same amount, and Merola $15,833.34. The receiver was empowered, in the event of non-payment within a designated time, to sue for the recovery of the respective assessments. There were reservations of "any and all defenses" which appellants "may have against

the apportionment of the assessment" thus made "as against themselves and against all other unpaid stock subscribers," and also of "all defenses" which they "may or can have against the payment or enforcement of any assessment" thereby made "in any action or proceedings" instituted by the receiver to enforce payment thereof. It was adjudged that the moneys in the receiver's hands aggregate $1,647.15; that the liabilities total $30,846.25, of which $11,275 represents "notes payable secured by conditional bills of sales claims filed;" and that there are no other assets to which recourse may be had.

The decree was preceded by a petition interposed by the receiver on July 20th, 1942. It alleged, *inter alia,* that, while the stock purported to be fully paid and non-assessable, a large part of the consideration therefor consisted of property that was grossly overvalued.

Upon the filing of the petition, an order was made directing appellants and Merola to show cause on July 27th then next why the prayer of the petition should not be granted. Service was duly made; and the hearing thereon was adjourned from time to time until October 9th next ensuing, when appellants filed an answer to the petition which neither admitted nor denied the allegations thereof, but requested the court "to ascertain the true amount of unpaid debts" and "to determine the names of the stockholders and the amount due from each and to assess against the proper stockholders in their proportionate amount." It was also averred that the petition was premature, in that the receiver had "failed to allow and disallow the claims filed with him pursuant to *R. S. 14:14–15,* and hence the whole and true amount of unpaid debts cannot be ascertained." It is conceded that no evidence was introduced to establish the allegations of the petition. The decree itself recites merely that the petition, order to show cause and answer came on to be heard, and that the court "considered the same and all arguments of counsel in open court." Thus, it appears that the Chancellor was moved to enter the decree on the basis of the allegations of the petition, unsupported by proof; and this constitutes reversible error.

It is the general rule that where a corporation has been decreed insolvent, and it has been judicially determined that an assessment against unpaid stock subscriptions is necessary to liquidate the corporate debts, the determination of the insolvency, the necessity, propriety, and the *quantum* or the rate of the assessment, are conclusive upon the stockholders in subsequent proceedings against them to enforce the payment of the assessment, even though the stockholder against whom the assessment is sought to be enforced was not made a party to the particular proceeding in which the assessment was made, and had no personal notice thereof. This is grounded in the principle that a stockholder is so far an integral part of the corporation that, in the view of the law, he is privy to the proceedings touching the body of which he is a member. He is in such privity with the corporation as to be a party to the assessment proceeding through representation by the corporation. Where the assessment is made in a proceeding at the domicile of the corporation to which the corporate body is a party, the propriety and amount of the assessment—matters which concern the entire body of stockholders as a class—are beyond question by the stockholder, but he may interpose all defenses personal to himself in a later action to enforce the assessment. The levy is not a personal judgment against the stockholder, but a judicial determination relative to corporate affairs in which he is represented by the corporation. *Cumberland Lumber Co.* v. *Clinton Hill Lumber Manufacturing Co., 57 N. J. Eq. 627;* *Gilson* v. *Appleby, 79 N. J. Eq. 590;* *McDermott* v. *Woodhouse, 87 N. J. Eq. 615;* *Graham* v. *Fleissner, 107 N. J. Law 278;* *Chandler* v. *Peketz, 297 U. S. 609;* *56 S. Ct. 602;* *80 L. Ed. 881;* *Marin* v. *Augedahl, 247 U. S. 142;* *38 S. Ct. 452;* *62 L. Ed. 1038;* *Selig* v. *Hamilton, 234 U. S. 652;* *34 S. Ct. 926;* *58 L. Ed. 1518;* *Converse* v. *Hamilton, 224 U. S. 243;* *32 S. Ct. 415;* *56 L. Ed. 749;* *Hawkins* v. *Glenn, 131 U. S. 319;* *9 S. Ct. 739;* *33 L. Ed. 184;* *Sanger* v. *Upton, 91 U. S. 56;* *23 L. Ed. 220.* See, also, annotation in *80 L. Ed. 883.*

But in this state the laying of the assessment constitutes the exercise of judicial power; and it is requisite that there

be a judicial determination, on notice to the affected stock-holder, of the proportion of the unpaid subscriptions which would in all likelihood be needed to satisfy the liabilities, and that the levy be confined accordingly. The capital stock of a corporation, paid in or subscribed, is a "trust fund" for the payment of the corporate debts; and the receiver of an insolvent corporation may enforce the stockholders' liability on unpaid stock subscriptions. *Whitfield* v. *Kern, 122 N. J. Eq. 332; See* v. *Heppenheimer, 69 N. J. Eq. 36. Vide R. S. 14:8–13, 14:14–7, 14:14–9.* The assessment may be had either by petition in the insolvency proceedings or by an original bill. *Bryson* v. *Conlen, 104 N. J. Eq. 180.* When the business of a corporation has been abandoned, and the corporation is insolvent, the holders of stock not full-paid have no further obligation thereunder than to pay so much of what is unpaid thereon as will liquidate the claims of the corporate creditors and defray the expenses of administration. The proper tribunal to settle the amount necessary for these purposes is a court of equity, since the law courts have not the mechanism adapted to the marshaling of assets and liabilities requisite for such a calculation. The propriety of an assessment laid in equity is beyond question in an action at law thereon against the stockholder. In treating of the contention that failure of notice to the stockholder individually would not deprive the assessment of its conclusive character in an action to enforce it, Mr. Justice Dixon, for this court, declared: "This, however, does not necessarily imply that a court of equity, when asked to order such an assessment, should not see that the individual stockholders have a reasonable opportunity to be heard on the application. On the contrary, these decisions indicate that the order is the result of an exercise of judicial power, and therefore that it should be made only in observance of those rules which are designed to insure the administration of justice." *Cumberland Lumber Co.* v. *Clinton Hill Lumber Manufacturing Co., supra.* See, also, *Holcombe* v. *Trenton White City Co., 80 N. J. Eq. 122; affirmed, 82 N. J. Eq. 364; McDermott* v. *Woodhouse, supra; McCarter* v. *Ketcham, 74 N. J. L. 825; Bryson* v. *Conlen, supra.* As respects a non-resident stock-

holder not served with process, such an adjudication is not a personal judgment and therefore does not deprive him of his property without due process of law nor deny him the equal protection of the laws.

Here, appellants were denied the essence of a judicial inquiry, *i. e.*, a hearing and a determination based upon proof. There was no hearing to determine the propriety and *quantum* of the assessment laid upon the appellant stockholders by the challenged decree, and thus their rights were infringed in matter of substance. The answer to the petition put the receiver to his proofs. It was essential to the resolution of these questions that the assets and the liabilities and administration expenses be ascertained through a hearing open to appellants. Only thus could the amount needed to pay creditors be fixed. These basic facts were not stipulated; and no evidence was adduced to establish them. It was the receiver's burden to prove by evidence grounds for the assessment. Although the decree embodied a finding that the corporate liabilities aggregated $30,846.25, the receiver's intermediate report then on file reveals that the total liabilities proved before him totaled only $9,898.96. However, the receiver argues that, notwithstanding the entry of an order barring creditors, claims may be established before distribution of the assets, and that to the claims thus proved there "must be added loans payable, wage claims, tax claims, chattel mortgages, and notes secured by conditional bills of sale." This but underlines the need for a hearing to settle the approximate amount of the liabilities. And there is manifestly no merit in the receiver's further contention that appellants are not aggrieved by the decree in this respect, since the surplus remaining after the payment of the corporate obligations will eventually be returned to the stockholders. As noted, the holders of unpaid stock are under a duty to pay only so much of the unpaid subscriptions as may be necessary to satisfy the corporate debts and obligations and administration expenses; and, to avoid undue assessment, the deficiency of assets must be calculated fairly approximately. Thus, the decree in this regard is not grounded in the requisite factual proof, and so it constitutes an arbitrary interference with appellants' rights under the law.

The decree is accordingly reversed, with costs; and the cause is remanded for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.