In re **BELL TONE RECORDS, Inc.**

No. B–73–49.

United States District Court,
D. New Jersey.

June 28, 1950.

Max L. Rosenstein, Newark, N. J., for Trustee.

Sanford Silverman, Newark, N. J., for stockholder Gabor.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by one Donald Gabor, a stockholder of the Bankrupt, pursuant to Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub c. The said Petitioner alleges that he is aggrieved by an order entered by the Referee in Bankruptcy on March 3, 1950.

The Bankrupt, a corporation of the State of New Jersey, was organized in January of 1946 and was adjudged a bankrupt on February 14, 1949 on a voluntary petition filed on the same date. Thereafter the Trustee in Bankruptcy, having determined that the amount realized upon the sale of the corporate assets was insufficient to pay the corporate debts and the administration expenses, applied to the Referee in Bankruptcy for authority to commence an appropriate action against the stockholders to enforce their liability on the capital stock. The petition contained the usual allegations and prayers for relief. An or-

der to show cause was issued thereon, and on the return date the present Petitioner appeared and was heard; it should be noted, however, that the Petitioner did not submit to the summary jurisdiction of the court of bankruptcy.

The Referee in Bankruptcy, having determined that there was a deficit as alleged in the petition, imposed upon the present Petitioner an assessment in the amount of $7,729.20. This assessment is purportedly a determination of the Petitioner's liability on twenty shares of no par value stock valued at $386.46 per share as of June 30, 1947, the date of its acquisition. This determination seems to ignore the factors which must be taken into consideration in the imposition of an assessment under the laws of New Jersey. The value assigned to each share of stock was based solely on "an estimated inventory" suggested by the accountant.

■ The laws of New Jersey are here determinative of the nature and extent of the stockholders' liability on their stock subscriptions. Harrigan v. Bergdoll, 270 U.S. 560, 564, 46 S.Ct. 413, 70 L.Ed. 733. The liability on no par value stock is fixed by statute, R.S. 14:8–6, N.J.S.A. 14:8–6. The pertinent provisions of the statute read as follows:—

"Every corporation organized under this title may issue and may sell its authorized shares without nominal or par value, from time to time, for such consideration as may be prescribed in the certificate of incorporation, or, if so provided in the certificate of incorporation, as from time to time may be fixed by the board of directors, or, if no such provision is made in the certificate of incorporation, then with the consent of two-thirds of each class of the stockholders having voting powers given at a meeting called for that purpose. Such meeting shall be held on such notice as the by-laws provide, and in the absence of such provision upon ten days' notice given personally or by mail.

"* * * * * * *.

"Any and all shares without nominal or par value issued as permitted by this article shall be deemed fully paid and non-assessable, and the holder of such shares shall not be liable to the corporation or its creditors in respect thereof."

■ This statute, as construed by the courts of this State, permits a corporation to issue and sell stock without par value "for a 'consideration' prescribed by the certificate of incorporation" or fixed by the board of directors. G. Loewus & Co. v. Highland Queen Packing Co., 125 N.J.Eq. 534, 6 A.2d 545, 547. The consideration may likewise be fixed "with the consent of two-thirds of each class of the stockholders having voting powers", in the absence of a provision in the certificate of incorporation. The liability of the stockholder on no par value stock is essentially contractual and is limited to the full consideration prescribed or fixed pursuant to the statutory provision. Ibid. We find no case which supports the measure of liability here adopted by the Referee in Bankruptcy, to wit, the value of the stock determined on the basis of inventory.

■ There can be no doubt that a court of bankruptcy has the requisite jurisdiction to levy an assessment upon the shares of stock upon which either the subscription price or the consideration was still due at the time of insolvency. In re Remington Automobile & Motor Co., 2 Cir., 153 F. 345; In re Newfoundland Syndicate, D.C., 196 F. 443, as modified, 3 Cir., 201 F. 917; In re M. Stipp Const. Co., 3 Cir., 221 F. 372; Collier on Bankruptcy, 14th Ed., Vol. 4, at pages 1172 et seq. Such an assessment should be made only after an inquiry into the facts. Ibid. See also In re Omaha Motor Car Co., 8 Cir., 245 F. 546, 548; In re Canister Co., 3 Cir., 252 F. 70, 73, 74. The burden is clearly on the trustee to "present such proof as will enable the court to find with reasonable certainty the facts necessary to support" the proposed assessment. Collier on Bankruptcy, 14th Ed., Vol. 4, at pages 1175 and 1176.

■ It is our opinion that a stock assessment proposed by a trustee in bankruptcy should be imposed only after a hearing at which stockholders are accorded the opportunity to be heard. The fundamental con-

cepts of procedural due process would seem to require such a hearing. The court's determination as to the propriety of the assessment and the amount thereof, although only preliminary to the commencement of a plenary action, is final; the administrative order is not subject to collateral attack on the plenary action. See the cases hereinabove cited; see also Marin v. Augedahl, 247 U.S. 142, 38 S.Ct. 452, 62 L.Ed. 1038, and Chandler v. Peketz, 297 U.S. 609, 56 S.Ct. 602, 80 L.Ed. 881. The administrative order is necessarily predicated on a judicial determination as to the propriety of the assessment and the extent thereof. It would be obviously unfair, therefore, to deny to the stockholder the opportunity to be heard.

The procedure here suggested is discussed in an excellent opinion by Justice Heher in the case of Merola v. Fair Lawn Newspaper Printing Corp., 135 N.J.Eq. 152, 36 A.2d 290, 293. We are fully aware that this court is not required to follow the rules of procedure adopted by the state courts. This, however, is not the complete answer to the problem before this Court. The procedural aspects of the problem are so identified with the substantive rights of the parties that it would be difficult to adequately protect the latter without giving some recognition to the rules of procedure designed for their protection.

An examination of the record discloses that the evidence before the Referee in Bankruptcy was insufficient to support his determination as to the propriety of the assessment and the amount thereof. The only testimony offered by the Trustee in Bankruptcy was that of the accountant who expressed certain conclusions which he stated were based upon his examination of the books and records of the Bankrupt. The books and records were neither produced nor made available. The established rules of evidence require that the books and records be produced even though the conclusions of the accountant are accepted. See Elmer Co. v. Kemp, 9 Cir., 67 F.2d 948, 950; Berthold-Jennings Lumber Co. v. St. Louis I. M. & S. Ry. Co., 8 Cir., 80 F.2d 32, 44, 102 A.L.R. 688; Cabel v. United

States, 1 Cir., 113 F.2d 998, 1001; Augustine v. Bowles, 9 Cir., 149 F.2d 93, 97. The production of the books and records is a prerequisite to the admission of testimony construing the entries therein. Ibid.

This matter will be remanded to the Referee in Bankruptcy for further proceedings consistent with this opinion.